McCAIN, Judge.
Defendant, James Christopher, was convicted of aggravated assault. His contention on appeal is that a voluntary incriminating statement was rendered inadmissible because of an alleged prior question asked without the benefit of the so-called “Miranda warnings”. See Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. After a careful review of the briefs and record we conclude that no error was committed and therefore affirm.
Defendant states that Officer McGraw asked if he had committed the assault without first advising him of his rights. Defendant then claims McGraw arrested him and took him to the police station. Officer McGraw denies asking the question or even making the arrest. From the record it is impossible to determine who made the arrest or whether such a question was asked. Once at the police station defendant voluntarily without questioning made incriminating statements. At the trial the state sought to introduce evidence of these voluntary remarks. There was no attempt by the state to introduce any evidence of an answer to a question prior to arrest.
Our conclusions are these. First it is impossible to determine if any improper questioning took place. Second, if we accept defendant’s account of the alleged improper question, “ * * * we have the view that it was not so afflicted by a communicable organic malady that it thereby fatally infected * * * ” the subsequent volunteered statement. State v. Outten, Fla.1968, 206 So.2d 392, 396. Third, the voluntary statement by defendant was itself admissible absent Miranda warnings. Miranda v. Arizona, supra. Last, no constitutional objection to the testimony was made.
Affirmed.
WALDEN, C. J., and REED, J., concur.